UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEROY FRANKLIN, | ) | 1:09-cv-00065 YNP DLB (HC) |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING PETITIONER'S PETITION FOR WRIT OF CORAM NOBIS |
| PEOPLE OF THE STATE OF CALIFORNIA | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of coram nobis.

On January 15, 2009, Petitioner consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

No other parties have yet appeared in this case.

**BACKGROUND**

Petitioner plead guilty on November 2, 1999, to throwing a pylon at a moving car in violation of California Vehicle Code § 23110(b). (Pet. at 7). Petition was sentenced to 180 days in custody, 3 years felony probation, and a $200 fine. (Id.) The probation period of Petitioner's sentence expired in December 2002. (Id. at 4).

On December 7, 2007, Petition filed a petition for writ of coram nobis in the Fresno County Superior Court claiming that his guilty plea was not intelligently and voluntarily made. The petition was denied. (Id. at 7).

On July 9, 2008, Petitioner filed a petition for writ of coram nobis in the California Court of Appeal, Fifth District. The petition was denied. (Id.)

1  On October 20, 1999, Petitioner filed a petition for writ of coram nobis in the California Supreme Court. The petition was denied. (Id. at 8).

Petitioner filed the instant petition on December 30, 2008. Petitioner claims that his plea was not intelligent and voluntary because he was mislead as to the elements of the crime to which he plead guilty. The original felony complaint states the charge as "unlawfully, maliciously, with intent to do great bodily injury, throw and project a rock, brick, bottle, metal, missile, and substance capable of doing serious bodily harm at a vehicle and occupant thereof on a highway." (Pet. at 9; Ex. A). But at the plea hearing the court read the charge as "willfully and unlawfully and maliciously, with intent to do great bodily injury, that you threw a rock, brick, bottle, or some type of object at a vehicle that was on a public street or highway..." (Id.; Ex. B at 5). Petitioner contends that the court materially mislead him into entering a guilty plea by omitting the phrase "substance capable of doing serious bodily harm" and replacing it with "some type of object." Petitioner claims that had he known that the object had to be of the kind that is capable of doing serious bodily harm, he never would have plead guilty and would have taken his case to a jury of his peers to decide. (Pet. at 6-8). Petitioner also claims that the felony complaint specifies that the crime must be done on a "highway" but the court said "public street or highway" at the plea hearing. Again, Petitioner asserts that if he had known that the prosecution would have to prove that the crime was committed on a highway only, he would not have plead guilty and taken the case before a jury instead.

**DISCUSSION**

Coram nobis is an extraordinary writ that is usually available only to petitioners who have fully served their sentences. See United States v. Monreal, 301 F.3d 1127, 1131, 1132 (9th Cir. 2002); Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir.1994). "The United States Supreme Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir.2002) (citing United States v. Morgan, 346 U.S. 502, 506-07, 74 S.Ct. 247 (1954)). To warrant coram nobis relief, the petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental

character.  See Monreal, 301 F.3d at 1132, Matus-Leva, 287 F.3d at 760.

Although this Court has the inherent power to issue the writ, such a remedy is only available to challenge *federal* convictions.  Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 2002 1985).  As the Ninth Circuit explained:

> The writ of error coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases.  A convicted defendant who is in federal custody and claims that his sentence "was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack" may move to have his sentence vacated, set aside, or corrected under 28 U.S.C. § 2255.  But a defendant who has served his sentence and been released from custody has no statutory avenue to relief from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact.

Yasui, 772 F.2d at 1498.

Here, Petitioner is challenging a *state* conviction for which he is no longer in custody.  Accordingly, coram nobis is not an available remedy, and the petition must be dismissed.

**ORDER**

1)     Petitioner's petition for writ of error coram nobis is hereby DISMISSED with prejudice and

2)     The clerk of the court is hereby ordered to CLOSE this case.

IT IS SO ORDERED.

Dated:   **June 11, 2009**            /s/ **Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE